RENDERED: AUGUST 25, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0291-MR

SYED JOSEPH ALI                      APPELLANT

                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE ANNIE O'CONNELL, JUDGE
                   ACTION NO. 16-CR-002004

COMMONWEALTH OF KENTUCKY            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Syed Joseph Ali brings this appeal from a March 2, 2022, Amended Judgment of Correction and Sentence of the Jefferson Circuit Court that sentenced Ali to five-years' imprisonment. We affirm.

        On July 25, 2016, Ali was indicted by the Jefferson County Grand Jury upon two counts of first-degree sexual abuse (victim under twelve years of age) and upon one count of distributing obscene material to a minor. The indictment stemmed from Ali's alleged sexual abuse of a four-year-old girl, M.W.

At trial, it was established that Ali was babysitting M.W. at his residence for a few hours during the day of April 4, 2016. N.M. (M.W.'s mother) testified that before going to bed that night, M.W. told her that something had happened to her at Ali's home. N.M. called the police and reported the incident. Later, N.M. testified that she initiated a "controlled" or recorded phone call with Ali at the direction of a Louisville Metro police detective and while at the detective's office. According to N.M., the detective instructed her to call Ali in order to discuss the sexual abuse allegations. The recorded phone call was played for the jury. In the phone call, Ali admitted that he rubbed lotion on M.W.'s behind and all the way up. Ali then stated that M.W. started "grinding" on his hand. Ali further stated that M.W. wanted him to continue to do it more. Because M.W. grinded upon his hand, Ali claimed that he then became suspicious that M.W. had been previously abused. So, according to Ali, he then showed M.W. an animated video that shocked M.W. N.M. told Ali that M.W. said that the animated video depicted a girl character licking a boy character, and he said "yeah."

After a three-day trial in 2018, the jury found Ali guilty of one count of sexual abuse in the first degree and of distributing obscene material to a minor. The jury was unable to reach a unanimous verdict on the remaining count of first-degree sexual abuse. The Commonwealth and Ali then reached a sentencing plea agreement. Thereunder, Ali would receive a total term of five-years'

imprisonment and would waive his right to an appeal. The Commonwealth agreed to dismiss the other first-degree sexual abuse charge. The court then conducted a plea colloquy with Ali and he accepted the agreement.

Before sentencing, Ali filed a *pro se* motion for a new trial and appointment of new counsel. The circuit court denied the motion for appointment of counsel as Ali was not indigent. Eventually, new counsel entered an appearance on behalf of Ali. Ali filed a motion to withdraw from the sentencing plea agreement. Ali claimed that he did not knowingly or intelligently enter into the agreement due to ineffective assistance of trial counsel. Ali also sought a continuance of the sentencing hearing.

The circuit court denied the motion for continuance, the motion for a new trial, and the motion to withdraw from the sentencing plea agreement. By Amended Judgment of Conviction and Sentence entered May 21, 2019, the circuit court sentenced Ali to a total of five-years' imprisonment.

Ali pursued a direct appeal of the May 21, 2019, judgment to the Court of Appeals. In *Ali v. Commonwealth*, No. 2019-CA-000842-MR, 2020 WL 4917934 (Aug. 21, 2020), the Court of Appeals vacated in part, affirmed in part, and remanded. The Court held that the circuit court committed reversible error by not granting Ali's motion to continue the sentencing hearing. The Court of

Appeals also concluded that the circuit court properly determined that Ali was ineligible for probation and considered the remaining issues moot.

Upon remand, the Commonwealth and Ali reached another sentencing agreement. Thereunder, Ali would be sentenced to a total of five-years' imprisonment and retain his right to appeal the underlying conviction. By a March 2, 2022, Amended Judgment of Conviction and Sentence, the circuit court sentenced Ali to a total of five-years' imprisonment. This appeal follows.

Ali initially contends that the circuit court committed reversible error by admitting into evidence a ten-second clip of a video that contained animated pornography. Ali pointed out that the animated video was on a DVD that was seized from his residence by police when executing a search warrant. Ali argues that the DVD was improperly admitted because M.W. "denied that the defendant showed her any obscene images, and the DVD had not been properly authenticated or identified as something shown to the child." Ali's Brief at 10. Additionally, Ali alleges that the animated video was not relevant because there was no evidence showing that the animated video on the DVD was the one, in fact, shown to M.W. And, if relevant, Ali maintains that it was unduly prejudicial.

Relevant evidence is evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Kentucky Rules of Evidence

(KRE) 401.  Relevant evidence is generally admissible as provided for in KRE 402

unless "its probative value is substantially outweighed by the danger of undue

prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, or needless presentation of cumulative evidence."  KRE 403.[1]  When

evidence is tangible or physical, the foundation or authentication requirement

found in KRE 901 is triggered.  KRE 901 provides, in relevant part:

> (a) General provision.  The requirement of authentication
> or identification as a condition precedent to admissibility
> is satisfied by evidence sufficient to support a finding
> that the matter in question is what its proponent claims.

Physical evidence may be authenticated by direct or circumstantial evidence.

*Dooley v. Commonwealth*, 626 S.W.3d 487, 496 (Ky. 2021).  Our Supreme Court

has recognized that "a party seeking to introduce an item of tangible evidence need

not satisfy an 'absolute' identification requirement, and evidence is admissible if

the offering party's evidence reasonably identifies the item."  *Grundy v.

Commonwealth*, 25 S.W.3d 76, 80 (Ky. 2000).  This Court reviews the circuit

court's ruling on the admission or exclusion of evidence for an abuse of discretion.

*Dooley*, 626 S.W.3d at 493.

At trial, the Commonwealth introduced evidence (controlled phone

call) that Ali showed M.W. an animated video portraying a girl character licking a

---

[1] Relevant evidence may be deemed inadmissible per specific rules of evidence or law.

boy character. The ten-second animated video on the DVD played for the jury depicted a girl character licking a boy character. Through a detective's testimony, it was established that the DVD was seized from Ali's residence during execution of the search warrant. Also, there was evidence that Ali played the animated video for M.W. at his residence. Upon the whole, we believe the animated video was relevant and that its probative value was not substantially outweighed by undue prejudice. Accordingly, the circuit court did not abuse its discretion in concluding that the animated video was properly authenticated and in admitting the video into evidence.

Ali next asserts that he was entitled to a directed verdict of acquittal upon the offense of distributing obscene matter to a minor. In support thereof, Ali points out that at trial, "M.W. denied that [Ali] had shown her any images of obscene material." Ali's Brief at 12. Ali maintains that the only evidence introduced by the Commonwealth was the controlled phone call with N.M. and the ten-second animated video. Ali believes that the animated video should have been excluded, and that absent its admission, the Commonwealth failed to produce sufficient evidence that a reasonable juror could find him guilty of distributing obscene matter to a minor.

The offense of distribution of obscene matter to minors is codified in KRS 531.030 and provides, in part:

(1) A person is guilty of distribution of obscene material to minors when, knowing a person to be a minor, or having possession of such facts that he should reasonably know that such person is a minor, and with knowledge of the content and character of the material, he knowingly:

    (a) Sends or causes to be sent; or

    (b) Exhibits; or

    (c) Distributes, or offers to distribute, obscene material to a minor.

The term "obscene" is defined as:

(3) "Obscene" means:

    (a) To the average person, applying contemporary community standards, the predominant appeal of the matter, taken as a whole, is to prurient interest in sexual conduct; and

    (b) The matter depicts or describes the sexual conduct in a patently offensive way; and

    (c) The matter, taken as a whole, lacks serious literary, artistic, political, or scientific value.

KRS 531.010(3). Upon appellate review, we must determine whether it was clearly unreasonable for the jury to have found defendant guilty. *Commonwealth v Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

The Commonwealth introduced evidence that M.W. was four years old and was a minor at the time of the crime. It is uncontroverted that Ali knew M.W. was a minor. In the controlled phone call, N.M. described the animated

video shown to M.W. as a girl character licking a boy character. The jury could reasonably infer that the animated video depicted a female character engaged in oral sex with a male character. In the controlled phone call, Ali admitted that it was a mistake to have shown M.W. the video and that she was too young to watch the video. Considering the evidence most favorably to the Commonwealth, we conclude that the jury could have reasonably found that Ali showed M.W. an obscene animated video. Accordingly, the circuit court properly denied Ali's motion for directed verdict upon the offense of distributing obscene matter to a minor.

Ali also argues that the circuit court committed reversible error by concluding that M.W. was competent to testify at trial. Ali states that M.W. was four years old at the time of the incident and six-years old at the time of trial. Ali alleges that M.W. could not recall facts before the age of five during the competency hearing. Ali further maintains that M.W. demonstrated she lacked the ability to discern a truth from a lie during the competency hearing. At trial, Ali contends that M.W. falsely claimed she had met with the prosecution four times prior to trial. Taken together, Ali insists that M.W. was not competent to testify at trial.

The competency of a witness to testify at trial is addressed in KRE 601, which provides:

(a) General.  Every person is competent to be a witness except as otherwise provided in these rules or by statute.

(b) Minimal qualifications.  A person is disqualified to testify as a witness if the trial court determines that he:

(1) Lacked the capacity to perceive accurately the matters about which he proposes to testify;

(2) Lacks the capacity to recollect facts;

(3) Lacks the capacity to express himself so as to be understood, either directly or through an interpreter; or

(4) Lacks the capacity to understand the obligation of a witness to tell the truth.

It is well-established that "there is no minimum age for testimonial capacity." *Harp v. Commonwealth*, 266 S.W.3d 813, 823 (Ky. 2008) (quoting *Pendleton v. Commonwealth*, 83 S.W.3d 522, 525 (Ky. 2002)).  Under KRE 601, there is a presumption of competency, and the party seeking exclusion of the witness must demonstrate incompetency.  *Burton v. Commonwealth*, 300 S.W.3d 126, 142 (Ky. 2009).  When competency is challenged, it is incumbent upon the trial court to hold a hearing to determine the witness's competency.  And, it is within the trial court's sound discretion to determine the competency of a witness, and the trial court's decision will only be disturbed on appeal where there is an abuse of discretion.  *Howard v. Commonwealth*, 318 S.W.3d 607, 612 (Ky. App. 2010).

The record on appeal reveals that the circuit court conducted a competency hearing as to M.W. However, the hearing was not recorded for appellate review, although both parties confirmed at oral argument that counsel were present for this hearing. It is the duty of appellant to ensure a complete record is available on appeal, and in the absence thereof, this Court will not consider any allegation based upon the omitted record. Kentucky Rules of Appellate Procedure 25(B).

Nonetheless, we have reviewed the arguments that counsel made on the record after the competency hearing and the trial testimony of M.W. At trial, M.W. identified Ali and was able to recollect the events surrounding her abuse. M.W. stated that Ali pulled down her pants and underwear and rubbed medicine inside her private area. In an exhibit, M.W. drew on a girl where her private area was located. M.W. also stated that she did not ask Ali to put medicine on her and did not like it. M.W. also recounted that the abuse took place in Ali's bedroom. While M.W. was confused about how many times she met with the prosecutor before trial, M.W. was crystal clear concerning the abuse perpetrated by Ali and her recollection of it. M.W. also understood that she was to tell the truth. And, Ali extensively cross-examined M.W. and pointed out any inconsistent statements to undermine her credibility to the jury. Upon the whole, we conclude that the circuit court did not abuse its discretion by finding M.W. competent to testify.

Ali further contends that the circuit court committed reversible error by limiting defense counsel's closing argument. In particular, Ali argues:

> The trial court erred in ordering defense counsel not to comment on the indictment, and how the proof at trial differed from the indictment. "[C]ounsel is granted wide latitude during closing argument. . . ."
>
> Here, the defense had a convincing argument based upon the indictment. In count three, the indictment charged Mr. Ali with showing the child one item of obscene material, prior to trial the prosecutors identified a second item, and at trial, the prosecutors showed the jury a third different item that the prosecution claimed was the obscene material. The appellant has a strong argument that the changes to the prosecution's theory demonstrate the lack of evidence to support it. . . .

Ali's Brief at 17, 18.

In response, the Commonwealth points out that during closing argument, defense counsel started to assert that the Commonwealth's allegations in the indictment as to one count of sexual abuse differed from the evidence introduced at trial to prove that charge. However, the Commonwealth maintains that defense counsel did not make such arguments related to distribution of obscene matter to a minor. The Commonwealth argues that the error was not preserved for appellate review.

A review of the record reveals that the Commonwealth is correct, and this alleged error was not properly preserved for appellate review. If inadequately

-11-

preserved, Ali requests this Court to conduct a review for palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26.

Under RCr 10.26, a palpable error occurs if a defendant's substantial rights are affected, and a manifest injustice would occur. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). Stated differently, an error is regarded as palpable if there is a substantial possibility that the result would have been different. *Sigrist v. Commonwealth*, 660 S.W.3d 636, 641 (Ky. App. 2022) (quoting *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky. 2003)).

Based on our review, Ali has failed to demonstrate that the alleged error in restricting defense counsel's closing argument constituted palpable error. Therefore, we hold that the circuit court did not commit palpable error in regard to defense counsel's closing argument.

Ali lastly asserts that the circuit court committed reversible error by excluding certain testimony of Ali's mother. Ali maintains that his mother would have testified concerning Ali's "background, training, education, and history, including his medical background in providing direct care and in home care, both in and out of the military." Ali's Brief at 14. Ali sought to introduce his medical background to advance his defense that he put lotion on M.W. due to a rash or irritation. Ali argues that such evidence was relevant to his defense and that its exclusion denied him a fair trial.

RCr 9.24 reads:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

Additionally, KRE 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."

At trial, other witnesses testified concerning Ali's medical background and referenced his military service. So, the jury was aware of Ali's medical background and military service. In the final analysis, Ali has simply failed to demonstrate that the exclusion of his mother's testimony affected his substantial rights. Therefore, we cannot conclude that the circuit court committed reversible error by excluding certain testimony of Ali's mother.

For the foregoing reasons, the Amended Judgment of Correction and Sentence of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Michael L. Goodwin
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Matthew Robert Krygiel
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Rachel A. Wright
Assistant Attorney General
Frankfort, Kentucky